IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EMPRESAS ORTIZ BRUNET, INC.** | CIVIL No. 20-1207 |
| Plaintiff | |
| V. | |
| **R. UDELSON, INC. D/B/A POWER TRAC MACHINERY; ABC CORPORATION; XYZ INSURANCE COMPANY; JOHN DOE; JANE DOE** | |
| Defendants | |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Plaintiff, EMPRESAS ORTIZ BRUNET, INC. ("EOB"), through the undersigned attorneys, and before this Honorable Court respectfully allege and pray:

### I. THE PARTIES

1. Plaintiff, EOB, is a corporation duly organized and existing under the Laws of Puerto Rico, having its principal place of business in the District of Puerto Rico. At all times relevant herein, EOB is the owner and/or operator of various quarries in Puerto Rico. Their physical address is Carr. 833, Km. 5.1, Guaynabo, Puerto Rico 00969. Postal Address PO BOX 1839, Guaynabo, PR 00970.

2. To the best of Plaintiff's knowledge, information and belief, codefendant R. Udelson, Inc. is a corporation duly organized and existing under the Laws of Florida. At all times relevant herein, R. Udelson, Inc. is the owner and/or operator of the business known as Power Trac Machinery, located at 7181 NW 77th Avenue, Miami, FL 33166. (hereinafter referred to as "PTM").

3. ABC Corporation ("ABC") is a fictitious name given to an unknown company whom at all relevant times herein, was either the owner or the person in charge of delivering the machinery in controversy to Plaintiff.

4. Upon information and belief XYZ Insurance Company ("XYZ") is an insurance company whom at all relevant times herein, had in full force and effect an insurance policy covering the legal liability of PTM for the acts and omissions alleged herein.

5. John Doe & Jane Doe are fictitious names given to natural persons that upon information and belief are the owners of PTM.

## II. JURISDICTION & VENUE

6. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332* because this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper under because Plaintiffs have a place of business in this judicial district and Defendants do business with persons within this judicial district, through which the purchase order alleged herein was made. Venue is also proper pursuant to **28 U.S.C. § 1391** because the damages suffered by Plaintiff giving rise to substantial part of the claims alleged in this lawsuit arose in this judicial district. Also, Plaintiff's payment originated in this district and the purchased machinery was to be delivered to this District.

## IV. THE FACTS AND THE DAMAGES

8. EOB operates various quarries in Puerto Rico and in the US Virgin Islands.

9. EOB's aggregate production business had dramatically increased and they were in the urgent need to obtain two (2) Off-Highway Trucks to aid them in the production of their aggregate material.

10. EOB and PTM established a business relationship and on February 5, 2020, EOB ordered from PTM two (2) CAT775E Off-Highway Trucks. One of the machine's identified by Serial Number BEC00647 ("Machine One") and the other identified by Serial Number BEC00570 ("Machine Two").

11. PTM prepared two separate purchase orders. Purchase order number "2002-021" regarding Machine 1 and Purchase Order number "2002-022" regarding Machine Two.

12. On February 7, 2020, EOB made a $195,200 wire transfer from Puerto Rico to PTM's bank account, transfer id number 112525.

13. From the $195,200.00, $154,200.00 covered the purchase price and shipping charges for Machine One. The additional $41,000 paid to PTM was to cover a $30,000 requested deposit, shipping charges, painting and the mechanical service of Machine Two.

14. Upon payment for Machine One in February 7, 2020, PTM immediately delivered the machine to the port of Jacksonville, Fl, for shipping to Puerto Rico as agreed. There is no controversy as to the purchase and delivery of Machine One.

15. With regards to Machine 2, the parties agreed that it would be taken to PTM's facilities in Miami, Fl, where it was going to be serviced and painted with a urethane coating.

16. PTM agreed verbally with EOB <u>to have Machine Two ready for shipment for the first week of March 2020</u>.

17. On March 23, 2020, EOB called PTM to know the status of Machine Two. The called was unanswered but EOB received an email where PTM accepts the delay on the agreed delivery of Machine Two and informs that Machine Two will de shipped by April 2020.

18. Since that day, EOB has tried both by email, verbally and through their attorney to discover the status of Machine Two, but all the attempts have resulted in vain.

19. On April 2, 2020, EOB, through its legal counsel, sent PTM a letter cancelling purchase Order number for Machine Two. EOB informed PTM that *"the reason for cancelling the order is because the delivery of the machinery is past due and various attempts by EOB to learn the status of the order have been ignored by Powertrac."*

20. Since said letter, follow up emails and letters have been sent to PTM requesting the cancellation of the purchase order, which PTM does not want to acknowledge.

21. In good faith, EOB has requested in numerous occasions from PTM the following information:

    a. An update on the status of the machine. Specifically, if it had even arrived at your facilities in Miami.
    b. Pictures of the machine being serviced.
    c. If the machine could be shipped immediately and specific date when the machine was going to be ready for shipment.
    d. Contact information of your legal counsel.
    e. Your company's intention on refunding the prepaid $41,000.

22. Its May 2020 already. Machine Two is not ready for shipment and EOB has no clue as to the whereabouts of Machine Two, or if even exists. None of the above listed inquiries made by EOB have been answered by PTM.

23. As of today, Machine Two was promised to be ready for shipping to Puerto Rico for the first week of March 2020. Then it was promised for the end of March 2020, then April 2020, then the end of April 2020 and so on.

24. At the time of filing the present Complaint, the machine is not ready for shipment, there is no expected delivery date and EOB does not even know if the machine exists or where is its actual location.

25. PTM has breached the agreements made with EOB.

26. PTM has disregarded to cancel the purchase order and to return the prepaid $41,000 to EOB.

27. As a result of PTM's delay in the delivery of the machine, EOB has suffered additional economic damages in an amount not less than $50,000.

28. EOB informed PTM and PTM knew the urgency of EOB to receive Machine Two in an expedite manner.

29. PTM's delay in the shipment of Machine Two has caused EOB aggregate production to diminish, causing EOB unwanted monetary damages.

30. The actions and conduct of PTM clearly and expressly demonstrate a lack and complete absence of any good faith principles or compliance with fair dealing standards in fulfilling their contractual obligations to EOB.

31. To the contrary, the conduct, actions, and dealings of PTM clearly show complete and absolute bad faith and disregard of the basic principles of fair and honest

dealings. This conduct in bad faith has caused damages to EOB in excess of $50,000.

32. PTM acted in bad faith in making materially false and fraudulent misrepresentations, including omissions, in connection to the shipping date of Machine Two, knowing EOB's urgent need to receive the machine.

33. As a direct result of PTM's actions, EOB suffered damages and will continue to suffer monetary damages in an undetermined amount to be determined by the Court.

34. ABC Corporation and XYZ Insurance Company are jointly and severally liable for the damages claimed herein.

35. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to GRANT the Complaint against PTM ordering the immediate termination of contract with cause, order PTM to reimburse EOB the $41,000 payment, award EOB damages including interest in a sum no less than $50,000.00 and award attorney's fees, costs, and any other remedy available at law in favor of Plaintiff.

Respectfully Submitted, in San Juan, Puerto Rico, this 4th day of May 2020.

**JENKS CARBALLEIRA LAW**
Attorneys for Plaintiff
PMB 565, 1353 Rd. 19
Guaynabo, PR 00966
(787)439-3980

*S/Eduardo R. Jenks*
Eduardo R. Jenks
USDC PR# 300110
Email: edjenks@yahoo.com